IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIMICS, INC., RICHARD WILDGRUBE
and MARGARET WILGRUBE, individually,

        Plaintiffs,

v.                                            No. CIV 99-00839 MV/DJS

THE VILLAGE OF ANGEL FIRE,
CHARLES HASFORD, individually,
MARY FRANCES McKINLEY,
individually, and GARY STANSBURY,
individually,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Charles Hasford's Motion for Summary Judgment filed March 2, 2000 **[Doc. No. 45]**, Plaintiffs' Motion for Leave to File First Amended Complaint filed December 8, 2000 **[Doc. No. 56]**, and Defendants Village of Angel Fire, Mary Frances McKinley, and Gary Stansbury's Motion for Summary Judgment filed January 31, 2001 **[Doc. No. 103]**.  The Court, having considered the motions, responses, relevant law, and being otherwise fully advised, finds that Plaintiff's Motion for Leave to File First Amended Complaint is well-taken and will be **GRANTED**.  The Court finds further that Defendants' Motions for Summary Judgment will be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Plaintiffs Richard and Margaret Wildgrube are residents of the Village of Angel Fire, New Mexico, which had approximately 1600 residents when the events in question occurred.  They

moved MIMICS, Inc., their family-owned software company, to Angel Fire in 1990.

All of the named defendants are also residents of the Village of Angel Fire.  In 1996, Bob Morrow was a member of the Homeowners Association of Racquet Club Commons (hereinafter "RCC"), located in Angel Fire.  RCC is located in an area that has been zoned as R-3, Residential - Multiple Family.[1]  Bob Morrow knew the Wildgrubes socially and professionally.

In 1996, RCC leased space to Bob Morrow.  The space had previously been occupied by a restaurant and bar, but had been unoccupied for some time.  Bob Morrow knew that the Wildgrubes were interested in relocating their business and suggested that they sublease the space at RCC from him.  Bob Morrow sought and received permission from the Homeowners Association of RCC to sublease the space to MIMICS, Inc.

Between mid-1995 until October 1996, Bob Morrow was a Commissioner on Angel Fire's Planning and Zoning Commission (P&Z).  In May or June of 1996, Bob Morrow raised the issue of MIMICS, Inc.'s occupancy at RCC at a P&Z meeting.  The members of P&Z agreed informally that no variance was needed to sublease the R-3 zoned space to a software company.  No minutes were kept of this discussion.  The Village issued MIMICS, Inc. a 1997 business license to operate at RCC.  MIMICS, Inc. moved into RCC in June or July of 1996.

There was no written lease between Bob Morrow and MIMICS, Inc.  It was the understanding of Bob Morrow and the Wildgrubes that MIMICS, Inc. would be located at RCC only temporarily, while a permanent office building was being built by Bob Morrow's

---

[1] The purpose of R-3 zones is "to provide areas for more intensive development than allowed in the R-1 or R-2 Districts, along with customary accessory use, but to carefully monitor such development so that it blends into its neighborhood context."  Village of Angel Fire, N.M., Zoning and Land Use Ordinance 88-11, 11 (March 1989).

construction company.

Defendant Hasford was Angel Fire's Building Inspector until January 23, 1997 and, as such, was authorized to enforce Village codes and ordinances. Plaintiffs assert that Defendant Hasford had a contractor's license and owned Angel Fire Lock & Key. Plaintiffs contend further that Hasford's ownership of this business during his tenure as Building Inspector presented a conflict of interest.

In October 1996, Bob Morrow was appointed by the Mayor to a seat on the Village Council. Defendants McKinley and Stansbury were also members of the Village Council at that time. Plaintiffs contend that Defendants McKinley and Stansbury were politically antagonistic to Morrow and that Plaintiffs' association with Morrow caused all of the Defendants to target them.

On December 20, 1996, at approximately 5:30 p.m., Defendant Hasford entered MIMICS, Inc. Plaintiff Margaret Wildgrube was on the premises at that time. She was uncomfortable with Defendant Hasford's presence and he left the premises.[2] Margaret Wildgrube complained about this incident to Bob Morrow on that night. Defendant Hasford returned to MIMICS, Inc. on January 16, 1997. Plaintiff Richard Wildgrube denied Hasford entry to the premises.[3]

On January 17, 1997, Fermin Aragon, Chief Inspector of the New Mexico Construction and Industries Division (hereinafter "CID"), inspected the premises. Aragon was accompanied by State Building Inspector Ruben Lopez, Defendant Hasford, Angel Fire's Mayor, P&Z Chair Linda

---

[2]The parties are in disagreement as to the reason for Defendant Hasford's decision to enter MIMICS, Inc.'s property, the method by which he entered, and the nature of the conversation that ensued between Hasford and Margaret Wildgrube.

[3]The parties are in disagreement as to the reason for this visit and as to the nature of the conversation that ensued between Hasford and Richard Wildgrube.

Libbey, and Morrow.  The parties agree that it is unusual for CID to be called in to inspect a facility for Building Code violations.  Plaintiffs contend that after the inspection, the CID officials told them that there were a couple of minor problems, but that there were no major building code violations and that there was no problem with MIMICS, Inc. being located in RCC.

CID issued an inspection report on February 11, 1997, finding that three Uniform Building Code violations existed if the space were used as a commercial facility but that if RCC were used for residential purposes only, the three violations did not apply.

Margaret Wildgrube complained about Defendant Hasford's actions and about the alleged conflict of interest to the Mayor in early January 1997.  Margaret Wildgrube also contends that she spoke with reporters from the local newspaper about these incidents and that a story on this matter ran in the local paper on January 16, 1997.  Plaintiffs Richard and Margaret Wildgrube complained about this matter during several meetings of the Village Council and of P&Z, beginning on January 23, 1997.

On February 13, 1997, P&Z voted formally to permit MIMICS, Inc. to remain at RCC for six months, while P&Z determined whether MIMICS, Inc. was in violation of Angel Fire's Zoning Ordinance.  On February 20, 1997, the Village Council decided that P&Z did not have the authority to allow MIMICS, Inc. to remain in an R-3 area.  The matter was then sent back to P&Z.  On March 27, 1997, Village Attorney Bill Erwin advised P&Z that MIMICS, Inc. was in violation of Angel Fire's Zoning Ordinance.  In September 1997, Plaintiffs were ordered to cease and desist from engaging in commercial or business activity in a building zoned as R-3.  Plaintiffs then moved MIMICS, Inc. to another location.

Plaintiffs commenced this action by filing a civil rights complaint on July 29, 1999,

alleging that Defendants violated their rights under 42 U.S.C. § 1983 by: (1) retaliating against them for speaking out on a matter of public concern and for their political associations in violation of the First Amendment; and (2) violating their rights to substantive and procedural due process in violation of the Fourteenth Amendment.  Plaintiffs also alleged that Defendants violated the New Mexico Tort Claims Act.

## STANDARD OF REVIEW

Responsive pleadings have been filed; therefore, plaintiffs may amend their complaint only by leave of Court or by written consent of the adverse parties.  Fed. R. Civ. P. 15(a).  The Federal Rules of Civil Procedure instruct, and the Supreme Court has emphasized, that "leave is to be freely given when justice so requires."  *Id.*; *see also Foman v. Davis*, 371 U.S. 178 (1962).  A Court may refuse leave to amend "for various reasons including 'undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, [and] futility of amendment.'"  *Maya v. General Motors Corp.*, 953 F.Supp. 1245, 1250 (D.N.M. 1996) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).  Untimeliess alone is a sufficient reason to deny leave to amend; prejudice need not be shown.  *Woolsey v. Marion Laboraties, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).  Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law."  *Thrasher v. B&B Chemical Co.*, 2 F.3d

995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### DISCUSSION

**Motion for Leave to Amend.**  As exlained *supra*, Plaintiffs' initial complaint advanced claims of retaliation in violation of the First Amendment, substantive and procedural due process in violation of the Fourteenth Amendment, and violations of the New Mexico Tort Claims Act. Plaintiffs seek leave to amend their complaint to add a claim of illegal search in violation of the Fourth Amendment and a claim that they were denied equal protection in violation of the Fourteenth Amendment.  In their proposed amended complaint, Plaintiffs abandon their substantive due process claim and their state tort claim.  Defendant Hasford objects on the ground that the proposed amended complaint is futile because the illegal search and equal protection claims lacks merit, and on the ground of delay.  The remaining defendants object solely on the ground of delay.

The Court recognizes that Plaintiffs have not explained their failure to advance the Fourth Amendment and Equal Protection claims in their initial complaint and that discovery has

concluded. Nonethess, the Court will grant leave to amend for the following reasons. First, this is Plaintiffs' first motion for leave to amend.[4] Second, the factual basis for the Fourth Amendment claim was clearly presented in the initial complaint; Defendants were on notice that Plaintiffs were challenging the circumstances of the events that occurred on December 20, 1996 and January 16, 1997.[5] Third, the factual basis for the Equal Protection claim was clearly presented in the initial complaint; Defendants were on notice of Plaintiffs' allegation that they were "singled out". Fourth, there is no evidence that Plaintiffs are acting in bad faith or with dilatory motive. Fifth, the Court finds that amendment is not "futile." Sixth, Defendants have not argued, and the Court does not find, that granting leave to amend will prejudice them. Finally, the court has not yet entered any dispositive rulings.[6]

**Motions for Summary Judgment.** All of the Defendants have based their summary judgment motions on the causes of action advanced in Plaintiffs' initial complaint. Because the Court is granting Plaintiffs leave to file an amended complaint in which the substantive due process and state tort claims are abandoned, the Court will grant Defendants' motions for summary judgment as to those claims.

---

[4]Thus, this situation is distinguishable from that presented in *Pope v. MCI Telecommunications Corp.*, 937 F.2d 258 (5th Cir. 1991), where the Fifth Circuit upheld the district court's decision to deny plaintiff leave to file her fourth amended complaint.

[5]A pleading must put the opposing party on notice of the claim presented and of the relief sought with sufficient specificity to enable to opposing party to formulate a response. *See Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1373 (10th Cir. 1979).

[6]The Tenth Circuit has held that it is appropriate to deny leave to amend where a party has sought leave to amend only after their intial theory has been rejected. *See Viernow v. Euripides Development Corp.*, 157 F.3d 785, 800 (10th Cir. 1998); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (1994). No such concern is presented here.

Plaintiffs' First Amendment and procedural due process claims remain, however, and Plaintiffs assert Fourth Amendment and Equal Protection claims in their proposed amended complaint. Because the Court is granting Plaintiffs leave to amend their complaint, the Court will deny Defendants' motions for summary judgment as to the First Amendment and procedural due process claims without prejudice. If Defendants wish to file summary judgment motions based on the causes of action advanced in Plaintiffs' amended complaint, they may do so.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint **[Doc. No. 56]** is hereby **GRANTED**. Defendant Hasford's Motion for Summary Judgment **[Doc. No. 45]** is hereby **GRANTED in part** and **DENIED in part.** Defendants Village of Angel Fire, Mary Frances McKinley, and Gary Stansbury's Motion for Summary Judgment **[Doc. No. 103]** is hereby **GRANTED in part** and **DENIED in part.** Discovery will be reopened with respect to the Fourth Amendment and Equal Protection Claims. The parties shall enter into a new discovery plan. **The Jury Trial** scheduled for **May 14, 2001, is hereby vacated.**

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:
    Michael Schwartz

Attorneys for Defendants:
    Randy S. Bartell, Virtue Najjar Bartell Matthews & Brown, PC
    James P. Sullivan, Hatcher, Sullivan & Grand, PA