**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MIMICS, INC., RICHARD WILDGRUBE
and MARGARET WILDGRUBE,
individually,

      Plaintiffs,

vs.                                                    CIV No. 99-00839 MV/ACT

THE VILLAGE OF ANGEL FIRE,
CHARLES HASFORD, individually,
MARY FRANCES McKINLEY,
individually, and GARY STANSBURY,
individually,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Strike Defendants' Offer of Judgment, filed September 24, 2003, **[Doc. No. 228]**. On September 10, 2003, Defendant Charles Hasford appealed the Court's determination that he was not entitled to qualified immunity. A week later, Defendants served an offer of judgment on Plaintiffs pursuant to Rule 68 of the Federal Rules of Civil Procedure.[1] *See* Certificate of Service of Offer of Judgment to Counsel [Doc. No. 225]. Plaintiffs hereby seek to strike Defendants' offer of judgment on the grounds that

---

[1] Fed. R. Civ. P. 68 provides, in relevant part, that "[a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

Defendant Hasford's notice of appeal divested the Court of jurisdiction to entertain an offer of judgment.

The filing of a notice of appeal generally divests the district court of jurisdiction over those aspects of the case involved in the appeal. *See Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) ("We begin with the unassailable general proposition that the filing of a notice of appeal . . . is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (citation omitted). Plaintiff has not cited, and the Court has not found, any case law addressing the question of whether an offer of judgment can be served during the pendency of a defendant's interlocutory appeal. As a matter of first impression, the Court finds that defendants cannot serve an offer of judgment if acceptance of that offer would require the Court to enter a judgment that would moot a pending appeal.

In this case, if Defendants' offer of judgment had been accepted by Plaintiffs, the Court would have been required to enter judgment against Defendants. *See Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) ("Rule 68 also leaves no discretion in the district court to do anything but enter judgment once an offer has been accepted."). Entering judgment against Defendants would have mooted Defendant Hasford's interlocutory appeal and improperly interfered with the Tenth Circuit's ability to decide the issues presented in the appeal. *See* 12 James Wm. Moore *et al*., Moore's Fed. Practice § 303.32[2][a][ii] (3d ed. 1999) ("After a notice of appeal is filed, the district court may not take any action that would alter the status of the case as it rests before the circuit court.") (internal quotes omitted). Therefore, the Court concludes that Defendants' offer of judgment was improper because acceptance of the offer of judgment would have required the Court to enter judgment against Defendant Hasford, which the Court did not have jurisdiction to do because of Defendant Hasford's pending appeal.

Even if an offer of judgment properly could be made during the pendency of a defendant's appeal, an additional ground exists to grant Plaintiffs' motion to strike Defendants' offer of judgment. Defendants did not file a response to Plaintiffs' motion to strike the offer of judgment. Failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion. D.N.M.LR-Civ. 7.1(b).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike Defendants' Offer of Judgment, filed September 24, 2003, **[Doc. No. 228]**, is hereby **GRANTED**. Defendants' September 17, 2003 offer of judgment is hereby stricken.

Dated this 22nd day of March, 2005.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:
Michael Schwarz

Attorney for Defendants:
James P. Sullivan
Randy S. Bartell