IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIMICS, INC., RICHARD WILDGRUBE
and MARGARET WILDGRUBE,
individually,

        Plaintiffs,

vs.                                                                                CIV No. 99-00839 MV/ACT

THE VILLAGE OF ANGEL FIRE,
CHARLES HASFORD, individually,
MARY FRANCES McKINLEY,
individually, and GARY STANSBURY,
individually,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendants' Motion to Strike Any Testimony From Plaintiffs' Economic Expert, filed September 17, 2001, **[Doc. No. 148]**.  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED**.

**BACKGROUND**

Plaintiffs contend that Defendants' wrongful actions caused Plaintiffs to incur damages by, among other things, requiring Plaintiffs to spend time addressing Village Council and Planning and Zoning Commission issues, to incur moving costs to relocate to another office, and to incur costs making their DOS-based software Y2K compliant.  Plaintiffs hired Dr. McDonald as a damages expert.  Dr. McDonald calculated Plaintiffs' damages by multiplying the number of hours Plaintiffs told him they spent dealing with the Village of Angel Fire and moving their business by an hourly rate provided by Plaintiffs.  Dr. McDonald calculated the costs of making Plaintiffs' DOS-based

software Y2K compliant by multiplying the number of hours Plaintiffs told him they and their employees spent working on their DOS-based software to make it Y2K compliant by hourly rates supplied by Plaintiffs. Dr. McDonald's calculations are based entirely on information provided to him by Plaintiffs without any independent verification or analysis by Dr. McDonald.

In their motion, Defendants seek to strike the testimony of Dr. McDonald on the grounds that it contains no scientific, technical or other specialized knowledge that will assist the jury in understanding evidence or determining a fact in issue.

## ANALYSIS

Rule 702 sets forth the standard for admission of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786 (1993), the Supreme Court interpreted this rule in the context of scientific evidence, holding that Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." The requirements of reliability and relevance were extended by *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167 (1999), to all expert testimony.

In determining whether Dr. McDonald's testimony should be excluded, therefore, the Court must consider whether the proposed testimony is reliable and relevant to the instant case. The Court has no reason to question the reliability of Dr. McDonald's testimony. Dr. McDonald's testimony, however, fails the relevance prong of the *Daubert* test.

The Tenth Circuit has held that,

> [t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.

*Corneveaux v. CUNA Mut. Ins. Group*, 76 F.3d 1498, 1504 (10th Cir. 1996) (quoting Fed. R. Evid. 702 advisory committee's note).  Regardless of what term Plaintiffs use to describe their damages, it is clear that Dr. McDonald's proposed testimony consists of nothing more than simple mathematical computations based upon information provided by Plaintiffs.  As such, Dr. McDonald's proposed testimony deals with matters within the everyday knowledge of a typical juror.  A typical juror understands that the amount of time spent on a task multiplied by an hourly rate equals the cost of performing the task.  Dr. McDonald's testimony is not based on any specialized knowledge and is not related to issues that are beyond the understanding of people of ordinary intelligence.  The jury is just as capable as Dr. McDonald of multiplying hours expended by hourly rates.

Plaintiffs also contend that Dr. McDonald should be permitted to offer his expert opinion on certain business practices and trends because Defendants' counsel opened the door to this testimony by asking Dr. McDonald questions related to these subjects during his deposition.  Plaintiffs, who provide no record cites, have failed to demonstrate that Dr. McDonald offered any of the opinions they assert he offered.  In addition, Plaintiffs have failed to demonstrate that Dr. McDonald has any expertise in these areas or that such testimony is relevant.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Any Testimony From Plaintiffs' Economic Expert, filed September 17, 2001, **[Doc. No. 148]**, is hereby **GRANTED**. Brian McDonald, Ph.D., will not be permitted to testify in this matter.

Dated this 22nd day of March, 2005.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiffs:
Michael Schwarz

Attorney for Defendants:
James P. Sullivan
Randy S. Bartell